IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| MARCUS BLANDING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 5:13-cv-02381-TLW |
| | ) |
| SGT PALMER and SGT DANIEL COTTER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# ORDER

Plaintiff Marcus Blanding, proceeding pro se and in forma pauperis, brought this action against employees of the Perry Correctional Institution pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. On May 20, 2014, Defendants filed a motion for summary judgment. (Doc. #40). Plaintiff failed to respond to the motion by the June 26, 2014 deadline. On July 8, 2014, United States Magistrate Judge Kaymani D. West, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (D.S.C.), issued an Order directing Plaintiff to advise the Court whether he wishes to continue with his case and to respond to Defendants' summary judgment motion by July 28, 2014. (Doc. #45). Plaintiff again failed to respond to the motion.

This matter is now before the Court for review of the Magistrate Judge's Report and Recommendation ("the Report"). In the Report, the Magistrate Judge recommends that this Court dismiss the action with prejudice for failure to prosecute. (Doc. #49). Plaintiff's objections to the Report were due by August 18, 2014.

On September 12, 2014, Plaintiff filed untimely objections. (Doc. #53). Plaintiff claims that he has been unable to file documents with the Court because "one of the officers [he] filed [his] complaint against has been harassing [him]." Id. Defendants filed a reply to Plaintiff's objections on September 16, 2014, asserting that the Court should accept the Report because Plaintiff fails to address any arguments set forth in the summary judgment motion and fails to state why he has been unable to file a response to the motion. (Doc. #55).

In conducting its review of the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). The Magistrate Judge carefully analyzed the issues that were before her based on the record as it existed at the time. However, because Plaintiff's objections to the Report demonstrate his intent to continue prosecuting this case, the Court finds that it would be premature to dismiss the case for failure to prosecute at this point.

Plaintiff concludes his objections by saying "P.S. Please grant me a lawyer. I got paperwork to show I tried to resolve issues with prison officials." (Doc. #53). To the extent Plaintiff's objections can be construed as a request for appointment of counsel, that request will be denied. "It is well settled that in civil actions the appointment of counsel should be allowed

2

only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The Court finds that no exceptional circumstances warrant the appointment of counsel in this case.

On September 29, 2014, Plaintiff filed a motion to amend his Complaint, asking the Court for permission to add defendants. (Doc. #56). Defendants filed a response in opposition on October 2, 2014, arguing that the motion to amend is untimely and that it should be denied because Plaintiff failed to attach a proposed amended complaint. (Doc. #58). In his request, Plaintiff fails to specify what parties he wishes to add and what additional claims, if any, he wishes to bring. Plaintiff's failure to provide an amended complaint prevents the Court from analyzing and addressing the extent to which Defendants would be prejudiced by amendment and denies Defendants the requisite notice and opportunity to respond. Woods v. Boeing Co., 841 F. Supp. 2d 925, 930 (D.S.C. 2012). Accordingly, Plaintiff's motion to amend his Complaint will be denied.

Because the Court finds that dismissal of this action would be premature in light of Plaintiff's objections, Plaintiff is **DIRECTED** to file a response to Defendants' motion for summary judgment within fourteen (14) days of entry of this Order. Plaintiff is advised that no further extensions of time shall be granted. If Plaintiff fails to respond to Defendants' motion for summary judgment within fourteen (14) days, allowing an extra three (3) days for mailing, the Clerk is directed to accept the Report and close out the case. If Plaintiff timely files a response, the Clerk is directed to refer this case back to the Magistrate Judge for further consideration in light of Plaintiff's filings.

It is hereby **ORDERED** that to the extent Plaintiff's objections can be construed as a request for appointment of counsel, that request is **DENIED**. (Doc. #53). It is **FURTHER ORDERED** that Plaintiff's motion to amend his Complaint is **DENIED**. (Doc. #56).

3

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

November 10, 2014
Columbia, South Carolina